UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AARON DASHAWN POWELL,

        Petitioner,

v.                                          Case No. 17-10975

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

### I. INTRODUCTION

Michigan prisoner Aaron DaShawn Powell has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to two counts of armed robbery, Mich. Comp. Laws § 750.529, and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in the Oakland County Circuit Court and in 2015 was sentenced to concurrent terms of 6 years 9 months to 30 years imprisonment on the armed robbery convictions and to terms of two years imprisonment on the felony firearm convictions, to be served concurrently with each other but consecutively to the armed robbery sentences. In his pleadings, Petitioner raises claims concerning the scoring of the state sentencing guidelines and the constitutionality of his sentence.

Promptly after the filing of a habeas petition, a federal court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, it plainly appears that Petitioner's claims do not warrant habeas relief. Accordingly, the court denies with prejudice the petition for a writ of habeas corpus. The court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. BACKGROUND

Petitioner's convictions arise from his armed robbery of a Walmart store in Troy, Michigan with two co-defendants in August, 2014. Petitioner tendered his plea on

February 23, 2015 and was sentenced on March 16, 2015. *People v. Powell*, No. 2014-251631-FC (Oakland Co. Cir. Ct. Register of Actions). Following sentencing, he filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that Offense Variables 9 and 10 of the Michigan sentencing guidelines should have been scored at zero based upon the facts proven in the plea. (Dkt. #1, Pg. ID 2.) The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Powell*, No. 329295 (Mich. Ct. App. Nov. 3, 2015) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Powell*, 499 Mich. 916, 877 N.W.2d 730 (2016). On December 1, 2016, Petitioner filed a motion for relief from judgment with the state trial court raising an ineffective assistance of counsel claim, (Dkt. #1, Pg. ID 3),[1] which was denied on January 5, 2017. *People v. Powell*, No. 2014-251631-FC (Oakland Co. Cir. Ct. Register of Actions).

Petitioner submitted his federal habeas petition to prison official for mailing on March 20, 2017. He raises the following claim:

> Petitioner Powell was denied his Sixth Amendment right to trial by an impartial jury where the trial court increased his sentence by engaging in judicial fact finding when it assessed Petitioner points for Offense Variables 9 and 10 which should have been scored at zero based on the facts taken during the plea hearing where the fact finder did not make a finding of guilt to the conduct and where Petitioner did not admit to the conduct contained in the Offense Variables that increased his sentence.

(Dkt. #1, Pg. ID 9.)

In his pleadings, Petitioner also asserts that he was denied due process and

---

[1]Petitioner states that he is not appealing the trial court's decision in the Michigan appellate courts and that he is not pursuing the ineffective assistance of counsel claim

3

equal protection because the Michigan Court of Appeals denied him relief on his sentencing claim, but remanded one of his co-defendant's cases to the trial court for a *Crosby* remand, see *United States v. Crosby*, 397 F.3d 103, 117-18 (2d Cir. 2005), pursuant to *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015).

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*,

---

on federal habeas review.

529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court]

6

cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

### A. Sentencing Claims

In his pleadings, Petitioner challenges the trial court's scoring of the state sentencing guidelines and the constitutionality of his sentence. A sentence imposed within the statutory limits, however, is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.

7

*Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums of life imprisonment for armed robbery and two years' imprisonment for felony firearm. *See* Mich. Comp. Laws §§ 750.529; 750.227b. Consequently, those sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that the trial court erred in scoring Offense Variables 9 and 10 of the Michigan sentencing guidelines is not cognizable on habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016) (stating that errors in the application of state sentencing guidelines "cannot independently support habeas relief"); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Alleged errors in scoring the offense variables and determining the sentencing guideline range does not justify federal habeas relief.

Moreover, to the extent that Petitioner contests the state court's interpretation of state law regarding the offense variables and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also*

*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to this issue.

Petitioner also alleges that the state trial court erred in relying upon facts neither proven by the prosecution nor admitted by him in imposing his sentence. Claims such as these arise from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158 (Thomas J., plurality opinion).

These cases, however, are inapplicable to the case at hand. Petitioner was sentenced to indeterminate sentences within the statutory limits for his armed robbery convictions and those sentences do not include a mandatory minimum. The Supreme Court's holding in *Alleyne* dealt with judge-found facts which raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, *see United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014), which is what occurred in Petitioner's case. Unlike the laws at issue in *Apprendi* and *Alleyne*, the Michigan Sentencing Guidelines neither require nor allow a judge to impose a more severe sentence than was previously available. Rather, they merely guide a judge in exercising sentencing discretion. *Id.*; *see also United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences"); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors[.]"). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013).

The court is aware that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial in *People v. Lockridge*, *supra.* Petitioner, however,

cannot rely on *Lockridge* to obtain federal habeas relief. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub*, 299 F.3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 16-CV-206, 2016 WL 1068744, *5 (W.D. Mich. March 18, 2016). Given that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists, at a minimum, could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at *6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *see also Cummings v. Campbell*, No. 17-10523, 2017 WL 957688, *3 (E.D. Mich. March 13, 2017) (Cleland, J.) (denying habeas relief on *Alleyne* claim challenging scoring of sentencing guidelines); *Perez v. Rivard*, No. 14-CV-12326, 2015 WL 3620426, *12 (E.D. Mich. June 9, 2015) (Battani, J.) (same). Petitioner thus fails to state a claim upon which relief may be granted as to this issue. Habeas relief is not warranted.

### B. Due Process and Equal Protection Claim

Petitioner also raises a due process and equal protection claim in his pleadings arising from the fact that the Michigan Court of Appeals denied him relief on his sentencing claim, but remanded a co-defendant's cases to the trial court for further consideration of his sentence based upon the Michigan Supreme Court's decision in

*Lockridge, supra*. This claim, however, is unexhausted and now procedurally defaulted such that it cannot provide a basis for habeas relief.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to show that he properly exhausted this claim in the state courts. In fact, he could not have raised the claim on direct appeal given that his appeal ended

on May 2, 2016, when the Michigan Supreme Court denied leave to appeal and his co-defendant's appellate remand decision was issued more than four months later. *See People v. Mickels*, No. 326849, 2016 WL 4646218 (Mich. Ct. App. Sept. 6, 2016). This claim is therefore unexhausted. Moreover, Petitioner no longer has an available means by which to exhaust this claim given that he has already filed a motion for relief from judgment with the state trial court. Any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). The unexhausted claim does not fall within the exceptions for filing a second motion.

Because Petitioner has not exhausted this claim in the state courts and no longer has an available remedy by which to do so, the claim is now defaulted. When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted that claim for purposes of federal habeas review. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional

13

violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner neither alleges nor establishes cause to excuse this procedural default. A prisoner's *pro se* status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). A court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. His guilty plea also belies an actual innocence claim. *See Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). This claim is thus barred by

procedural default and does not warrant habeas relief.

For the reasons stated, the court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the court will deny with prejudice the petition for a writ of habeas corpus.

## V. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Here, Petitioner fails to make a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate the correctness of this court's procedural ruling. Accordingly, the court will deny a certificate of appealability. The

court will also deny leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.   *See* Fed. R. App. P. 24(a).

## VI. CONCLUSION

IT IS ORDERED that Petitioner's Petition for Writ of Habeas (Dkt. #1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to proceed on appeal *in forma pauperis* is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:   April 5, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2017, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6521